IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSEMONT HOTELS, INC.,
a Florida corporation,

  Plaintiff/Counter-Defendant,

v.

BARTON MALOW COMPANY, a foreign
corporation; JONATHAN NEHMER &
ASSOCIATES, INC. a foreign corporation;
and RTM Engineering Consultants, LLC,
a foreign corporation

  Defendant/Counter-Plaintiff.

_____/

Case No.: 6:23-cv-01073-CEM-RMN

(Formerly Osceola County Circuit Court
Case No.: 2023-CA-001681)

## AMENDED COMPLAINT

Plaintiff, ROSEMONT HOTELS, INC., a Florida active corporation ("Rosemont Hotels") files this Complaint against Defendants, BARTON MALOW COMPANY, a foreign corporation ("Barton Malow"), JONATHAN NEHMER & ASSOCIATES, INC., ("JN&A") a foreign corporation, and RTM EINGEERING CONSULTANTS, LLC ("RTM"), a foreign corporation, and states:

### PARTIES, JURISDICTION, AND VENUE

1. This is a Complaint for damages in excess of seventy-five thousand dollars ($75,000,00), exclusive of interest, attorneys' fees and costs and claims for

breach of Contract, breach of Warranty, and negligence that arise from property located in and services performed in Osceola County, Florida.

2. Rosemont Hotels is an active Florida corporation with its principal place of business located at 3001 Sherberth Road in Kissimmee, Florida.

3. Upon information and belief, Barton Malow is a foreign corporation located in Southfield, Michigan and is authorized to do business in Osceola County, Florida.

4. Upon information and belief, Barton Malow was, at all relevant times, a licensed contractor in the State of Florida and performed services in Osceola County, Florida.

5. Upon information and belief, JN&A is a foreign corporation located in Rockville, Maryland and is authorized to do business in Osceola County, Florida.

6. At all relevant times, JN&A was a licensed architect in the State of Florida and performed services in Osceola County, Florida.

7. Upon information and belief, RTM is a foreign corporation located in Schaumburg, Illinois and is authorized to do business in Osceola County, Florida.

8. At all relevant times, RTM was an engineering firm licensed to perform engineering services in the State of Florida and performed services in Osceola County, Florida.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the underlying action is an action for damages in excess of $75,000.00 and there is complete diversity of citizenship between Plaintiff Rosemont Hotels and Defendants Barton Malow, JN&A, and RTM.

10. Venue is proper in the United States District Court for the Middle District of Florida because this case was removed from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. In addition, the property at issue in this litigation (i.e., the ETTE Hotel) is located in Kissimmee, Florida.

11. All conditions precedent to the filing of this action have occurred, been performed, were waived, or are otherwise excused.

## GENERAL ALLEGATIONS

12. Rosemont Hotels is the Owner and developer of a luxury hotel property referred to as "ETTE Hotel" located at 3100 Sherberth Road, Kissimmee, Florida 34747 (the "Project").

13. On or about October 4, 2019, Rosemont Hotels entered into a Contract agreement with Barton Malow for the construction of a luxury hotel with parking, pool, laundry, restaurant, kitchen, and other amenities within the Project (the "Contract"). A copy of the Contract is attached as **Exhibit "A."**

14. Barton Malow agreed to efficiently perform and timely complete the work in strict accordance with the Contract documents, plans, and specifications for

the Project, and in accordance with the highest trade practices, and in a manner satisfactory to Rosemont Hotels (the "Work").

15. However, during the course of Barton Malow's performance of the Work under the Contract, Barton Malow failed to properly perform and complete its Work pursuant to the Contract. The Work was defective and was not performed in a good, workmanlike fashion or in accordance with industry standards and the manufacturer's specifications. Barton Malow further failed to correct its defective or deficient work, failed to fully and promptly honor its warranty obligations and, overall, failed to remedy its defaults, causing significant damage and delay to the Project.

16. Rosemont repeatedly notified Barton Malow of the numerous defects and deficiencies, noncompliance and quality issues identified with Barton Malow's work on the Project, including but not limited to Rosemont's February 2, 2023, Chapter 558 Notice of Claim Letter served on Barton Malow. A true and correct copy of Rosemont's 558 Notice of Claim Letter is attached hereto as **Exhibit "B".**

17. On or about March 22, 2017, Rosemont entered into a Contract agreement with JN&A to perform architectural and engineering services related to the construction of a luxury hotel with parking, pool, laundry, restaurant, kitchen and other amenities within the Project (the "JN&A Contract"). A copy of the JN&A Contract Agreement is attached as **Exhibit "C"**.

18. As part of the JN&A Contract, JN&A agreed to provide the required MEP/FP Engineering services from RTM.

19. As part of the JN&A Contract, JN&A agreed that JN&A and RTM would provide design and engineering services necessary for the construction of the Project, including but not limited to, preparing design development drawings, consulting with local building authorities for preliminary review and procedural explorations, and preparing and coordinating building Construction Documents, including plans, elevations, sections, details, schedules and specifications.

20. However, Barton Malow has alleged that the designs prepared by JN&A and its consultants contained conflicting information, defects, and/or deficiencies which resulted in the issuance of numerous RFIs by Barton Malow in order to clarify the design and coordination issues with the design documents and required numerous revisions and supplements to be issued by JN&A, and allegedly caused defects in the completed construction of the Ette Hotel.

21. Rosemont Hotels has been damaged and continues to be damaged, including the resulting damages to the Project and other property located therein, costs of replacement, costs of correction, liquidated damages/delay damages, cost for additional testing, inspections, cost for uncovering defective and replacement work, additional Program Management, additional compensation for replacement

services, lost revenue, loss of goodwill, and additional expenses made necessary by Barton Marlow and JN&A.

## **COUNT I: BREACH OF CONTRACT**
*(Barton Malow)*

22. Rosemont Hotels adopts and realleges the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein.

23. This is a cause of action by Rosemont Hotels against Barton Malow for breach of contract.

24. On or about October 2, 2019, Rosemont Hotels entered into a Contract with Barton Malow to serve as General Contractor for the construction of the Project. The Contract between Rosemont Hotels and Barton Malow is a valid, binding contract between the parties.

25. Barton Malow materially breached the Contract by failing to perform and timely complete the work in strict accordance with the Contract documents, plans, and specifications for the Project required under the Contract, including but not limited to:

   a. Failure to provide skilled and experienced project and field management personnel.

   b. Poor quality control and installation practices resulting in substandard Work throughout the Project.

c. Installation of damaged, defective, non-conforming product / Work or material including doors, windows, flooring, casework, trim, painting, stucco, stone and concrete cladding etc.

d. Failure to comply with applicable codes and regulations causing delay to the Project and failure to take prompt and appropriate corrective action.

e. Failure to provide timely and accurate close out documents and as-built documents.

f. Failure to install an effective and functioning HVAC system meeting industry standards and design intent.

g. Failure to correct defects including but not limited to the HVAC, fountain stonework, 6th floor patio glass railing, tile flooring, exterior concrete wall tiles, and water intrusion through roof and HVAC ducts, among numerous other defects.

h. Failure to complete the punch list prepared by the architect.

i. Failure to complete the Work within the established Contract time and subsequent delay in Substantial Completion by more than one year.

j. Failure to provide appropriate credits to the Owner for deductive changes, including, for example, changes to the decorative lighting scope.

k. Acting with bad faith by continually submitting incorrect and exaggerated pricing for changes or claims for additional costs to the Owner, causing delay and additional costs in Owner project management operations.

l. Failure to install an effective and functioning plumbing system meeting industry standards for water volume, pressure and hot water availability and delay.

m. Failing to implement a warranty management system and provide the related necessary management personnel to address warranty issues, failing to timely investigate warranty related issues, failing to institute warranty related repairs and restorations in a timely manner, and in many instances, failing to act on identified warranty related issues at all, forcing the Owner to implement the repairs at its own costs in order to resume operations.

26. These material breaches caused or substantially contributed to damages suffered by Rosemont Hotels on the Project.

27. As a result of Barton Malow's material breaches of its Contract, Rosemont Hotels has and continues to be damaged.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, BARTON MALOW

COMPANY, for all damages resulting from and related to its breach of contract, including attorneys' fees, costs and interest, and grant Rosemont Hotels any such further relief as this Court deems just and proper.

## COUNT II: BREACH OF WARRANTY
*(Barton Malow)*

28. Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 25 above as though fully set forth herein.

29. Section 3.5.1 of the Contract's General Provisions, provides, in relevant part, that:

> The Contractor further warrants that the Work will conform to the requirements of the Contract Documents in all aspects, including, but not limited to kind, quality of materials and workmanship specified and will be free from faults and defects…Work, materials, or equipment not conforming to these requirements may be considered defective.
>
> …
>
> Contractor warrants that it shall, within seventy-two (72) hours of written notice promptly, diligently and continuously pursue any necessary warranty repairs or replacements of defects until

9

corrected and will restore the Work to the condition required by the Contractor Documents.

30. Barton Malow repeatedly failed to address warranty issues identified by Rosemont Hotels promptly and properly, as required by Section 3.5.1 of the Contract.

31. Barton Malow repeatedly failed to timely investigate and pursue necessary warranty related repairs, as required be Section 3.5.1 of the Contract.

32. Barton Malow failed to restore the affected spaces to its originally intended condition as required by Section 3.5.1 of the Contract after making a warranty repair.

33. In many instances, Barton Malow completely failed to take any action on the warranty items identified by Rosemont, forcing Rosemont to implement the repairs at its own costs and expense.

34. Barton Malow failed to ensure the Work, materials, and equipment conformed to the requirements of the Contract Documents in all aspects, including, but not limited to kind, quality of materials and workmanship specified, and by failing to remedy such failures and defects.

35. As a direct and proximate result of Barton Malow's breaches, Rosemont Hotels has and continues to be damaged.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, BARTON MALOW COMPANY, for all damages resulting from and related to its breach of warranty, including attorneys' fees, costs and interest, and grant Rosemont Hotels any such further relief as this Court deems just and proper.

### COUNT III: NEGLIGENCE
*(Barton Malow)*

36. Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 25 above as though fully set forth herein.

37. At all times relevant to this cause of action Barton Malow was a licensed contractor in the business of planning, constructing, and delivering commercial construction projects.

38. Barton Malow had a duty to exercise reasonable and prudent care in the construction of the Project in accordance with the acceptable industry standards.

39. Barton Malow negligently and carelessly performed its work on the Project, resulting in a numerous defects and substandard work.

40. As a direct and proximate result of the foregoing negligent acts and omissions by Barton Malow, Rosemont Hotels has suffered and will continue to suffer significant property damage and will incur and continue to incur costs for inspections, repairs, additional testing, identification of defective work, additional

Program Management, additional compensation for replacement services, loss of revenue, loss of goodwill, and additional expenses.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, BARTON MALOW COMPANY, for all damages resulting from and related to its negligence, including attorneys' fees, costs and interest, and grant Rosemont Hotels any such further relief as this Court deems just and proper.

### COUNT IV: VIOLATION OF FLA. STAT. § 553.84
*(Barton Malow)*

41. Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 25 above as fully set forth herein.

42. The purpose of the Florida Building Code (the "Code") is to establish minimum requirements to protect the health, safety, and welfare of the public. Its provisions apply to, among other things, construction, alteration, modification and repairs of buildings and structures.

43. At all times relevant to this cause of action, Barton Malow was required to perform its Work in accordance with the Code.

44. Throughout the course of the Project, Barton Malow violated numerous sections of the Code while performing its Work, thereby giving rise to Rosemont Hotel's claim for damages under § 553.84, Florida Statutes.

45. At all times relevant to this cause of action, Barton Malow knew or reasonably should have known during its Work that Code violations existed. In particular to numerous notices provided by Rosemont Hotel's during the course of the Project, Rosemont Hotels also provided Barton Malow with a 558 Notice of Claim dated February 2, 2023.

46. As a directed and proximate result of Barton Malow's violations of the Code, Rosemont Hotel has been damaged.

47. Rosemont Hotels has retained the undersigned counsel to represent it in this action and pursuant to Section 13.4 of the Barton Malow Contract, Rosemont Hotels is entitled to recover its reasonable attorneys' fees and costs against Barton Malow.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, BARTON MALOW COMPANY, for all damages resulting from and related to its negligence, including attorneys' fees, costs and interest, and grant Rosemont Hotels any such further relief as this Court deems just and proper.

### COUNT V: BREACH OF CONTRACT
### (JN&A)

48. Rosemont Hotels adopts and realleges the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein.

49. This is a cause of action by Rosemont Hotels against JN&A for breach of contract.

50. On or about March 22, 2017, Rosemont entered into the JN&A Contract with JN&A to perform architectural services and oversee and coordinate the provision of engineering services from RTM related to the Project. The JN&A Contract between Rosemont and JN&A is a valid, binding contract between the parties.

51. Barton Malow has alleged in its counterclaim that JN&A and/or RTM provided design drawings and documents to Barton Malow that contained conflicting information, defects, and/or deficiencies, which resulted in numerous RFIs being issued by Barton Malow, and which required numerous revisions and supplements to the design documents to be issued by JN&A / RTM, and allegedly resulted in defects in the construction of the Ette Hotel. As a result of these alleged defects and/or deficiencies, Barton Malow has alleged that it has incurred damages/costs to perform and complete the work.

52. If the allegations concerning JN&A / RTM's defective work, acts, errors and omissions are true, and Rosemont is, therefore, held liable, then JN&A would be in breach of the JN&A Contract. In that event, Rosemont would be damaged by JN&A's breach. The damages would include, but not be limited to, the

amount of any potential judgment against Rosemont, and any damages incurred by Rosemont to address and correct the alleged defects.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, JONATHAN NEHMER & ASSOCIATES, INC, for all damages and grant Rosemont Hotels any such further relief as this Court deems just and proper.

### COUNT VI – COMMON LAW INDEMNITY
### (JN&A)

53. Rosemont Hotels adopts and realleges the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein.

54. This is an action against JN&A for common law indemnity.

55. Rosemont, the owner of the Project, and JN&A, the Architect for the Project, have a special relationship with respect to the Project such that Rosemont may be held vicariously, technically, or derivatively liable for any alleged defects in the work performed by JN&A. *Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.,* 171 So. 3d 194 (Fla. 5th DCA 2015).

56. Rosemont is wholly without fault and JN&A is at fault for any damages that Barton Malow has alleged it has sustained due to any problems and defects in JN&A's design documents.

57. Any liability borne by Rosemont as a result of the claims in Barton Malow's Counterclaim relating to design documents or issues with the design is vicarious, constructive, derivative, or technical, and any such liability would result from the fault of JN&A.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, JONATHAN NEHMER & ASSOCIATES, INC, for all damages and grant Rosemont Hotels any such further relief as this Court deems just and proper.

## COUNT VII – COMMON LAW INDEMNITY
## (RTM)

58. Rosemont Hotels adopts and realleges the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein.

59. This is an action against RTM for common law indemnity.

60. Rosemont, the owner of the Project, and RTM, the mechanical, electrical, plumbing and fire protection consultant for the Project, have a special relationship with respect to the Project such that Rosemont may be held vicariously, technically, or derivatively liable for any alleged defects in the work performed by RTM. *Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.,* 171 So. 3d 194 (Fla. 5th DCA 2015).

61. Rosemont is wholly without fault and RTM is at fault for any damages that Barton Malow has alleged it has sustained due to any problems and defects in RTM's design documents.

62. Any liability borne by Rosemont as a result of the claims in Barton Malow's Counterclaim relating to design documents or issues with the design is vicarious, constructive, derivative, or technical, and any such liability would result from the fault of RTM.

WHEREFORE, Plaintiff, ROSEMONT HOTELS, INC., respectfully requests this Honorable Court enter judgment against Defendant, RTM ENGINEERING, for all damages and grant Rosemont Hotels any such further relief as this Court deems just and proper.

**NELSON MULLINS**
*Attorneys for Rosemont Hotels, Inc.*

*/s Michael K. Wilson, Esq.*
**Michael K. Wilson, Esq.**
Florida Bar 0657069
mike.wilson@nelsonmullins.com
katie.bartoo@nelsonmullins.com
melissa.tejada@nelsonmullins.com>
**Paul A. Bennett, Esq.**
Florida Bar No. 106278
paul.bennett@nelsonmullins.com
390 North Orange Avenue, Suite 1400
Orlando, FL 32801
407.669.4350

17

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on the 11th day of September, 2023, I filed the foregoing with the Clerk of Court by using the CM/ECF System which will send notice of electronic filing to the following:

Ben W. Subin, Esq.
Monte Starr, Esq.
Holland & Knight, LLP
200 S. Orange Ave.
Suite 2600
Orlando, FL 32801
ben.subin@hklaw.com
monte.starr@hklaw.com
michele.theye@hklaw.com
andrea.williams@hklaw.com
marquela.nieto-montenegro@hklaw.com

         *Michael K. Wilson*
         **Michael K. Wilson, Esq.**
         Florida Bar 0657069